UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 23 C 3328 |
| v. | Judge Thomas M. Durkin |
| ANGELICA LATTAS, DANIEL LATTAS, JULIA LATTAS, AND AVA LATTAS, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

The United States brings federal and state law claims against Angelica Lattas, Daniel Lattas, Julia Lattas, and Ava Lattas ("Defendants") seeking to void the distribution of property in Angelica and Robert Lattas's divorce. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations and *res judicata* grounds. R. 10. For the following reasons, that motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic

1

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Robert and Angelica Lattas were married on May 20, 2007 and have three minor children: Daniel, Julia, and Ava. R. 1 ¶¶ 5, 6, 8. In May 2013, Robert was indicted on mail and wire fraud charges in a scheme to defraud mortgage lenders. *See id.* ¶ 10; *see also United States v. Lattas*, No. 13 CR 463. One year later, Robert was indicted on charges of bank fraud and making false statements to a financial institution. R. 1 ¶ 11; *see also United States v. Lattas*, No. 14 CR 287. Following a jury trial, Robert was convicted of mail and wire fraud, and subsequently pled guilty to bank fraud. R. 1 ¶¶ 10–15. Restitution was mandatory for the convictions in both cases under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663, and Robert acknowledged in his plea agreement that restitution in excess of $12 million was immediately due. *Id.* ¶¶ 16, 39.

On May 16, 2016, after Robert's convictions and plea, but before he was sentenced, Angelica filed a petition for dissolution of marriage in the Circuit Court of

DuPage County. *Id.* ¶ 17. The court entered a judgment of dissolution of marriage ("Dissolution Judgment") in May 2017, which divided property between Angelica and Robert and delineated certain property to be held in trust for the benefit of Daniel, Julia, and Ava. *Id.* ¶¶ 18–20.

The government asks this Court void Robert's transfers of property to Defendants in the Dissolution Judgment. Counts I and III allege Robert's transfers to Defendants are voidable under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3304. *Id.* ¶¶ 31–33, 51–63. Counts II and IV allege Robert's transfers to Defendants are voidable under the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), 740 ILCS 160/5-6. *Id.* ¶¶ 46–48, 62–64. Defendants contend that the claims are barred under the applicable statutes of limitations and *res judicata.*

## Discussion

I. <u>FDCPA Statute of Limitations</u>

Defendants argue that Counts I and III are barred by the FDCPA's statute of limitations. The FDCPA provides that a fraudulent transfer claim brought by the government "is extinguished unless the action is brought . . . 6 years after the transfer was made or the obligation was incurred[.]" 28 U.S.C. §§ 3306(b)(1)–(2). However, the FDCPA's rules of construction make clear that the six-year limitations period does not apply to the enforcement of criminal restitution. The FDCPA expressly states that the statute "shall not be construed to curtail or limit the right of the United States under any other Federal or State law (1) to collect taxes or to collect any other amount collectable in the same manner as a tax; [or] (2) to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." 28 U.S.C. §§

3

3003(b)(1)–(2). The FDCPA also provides that if "another federal law specifies procedures for recovering on a claim or judgment for a debt arising under such law, those procedures shall apply to such a claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. § 3001(b).

The restitution order at issue here is a lien in favor of the government "on all property and rights to property" belonging to Robert, which the government may enforce "as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986 ("IRC")." 18 U.S.C. § 3613(c); *see also United States v. Sayyed*, 862 F.3d 615, 619 (7th Cir. 2017) (explaining that restitution "is treated as if it were a tax lien"). That lien "arises on the entry of judgment and continues for 20 years." 18 U.S.C. § 3613(c). As such, applying the six-year limitations period to this case would curtail or limit the government's right to enforce Robert's criminal restitution obligation, and likewise an "amount collectable in the same manner as a tax." *Id.*; *see also United States v. Wilhite*, No. 00-cr-00504, 2017 WL 5517410, at *2 (D. Colo. Nov. 17, 2017) (holding that the FDCPA's six-year limitations period was not applicable to the government's enforcement of restitution). Moreover, the IRC has a ten-year limitations period for collecting a tax. 26 U.S.C. § 6502. Because the restitution order is treated like a tax lien, the government can rely on the IRC's ten-year limitations period in collecting that restitution.

Even if this Court were to find that the FDCPA's six-year limitations period applies, Counts I and III would still survive dismissal. Although the complaint alleges that the Dissolution Judgment was filed on May 17, 2017, see R. 1 ¶ 18, the filing

4

date that appears on the face of the Dissolution Judgment is May 26, 2017, see R. 1-1 at 2, 17. *See also Forrest v. Univ'l Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls. A court is not bound by a party's characterization of an exhibit and may independently examine and form its own opinions about the document.") (citations omitted). The government filed this action on May 25, 2023. *See* R. 1. That is within six years of May 26, 2017. Therefore, Counts I and III are not time-barred.

II. <u>IUFTA Statute of Limitations</u>

Defendants argue that Counts II and IV are time-barred by the IUFTA's statute of limitations. Under the IUFTA, a fraudulent transfer claim must be brought "4 years after the transfer was made or the obligation incurred." 740 ILCS 160/10(a)–(b). But "[i]t is well settled that the United States is not bound by state statutes of limitation . . . in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416–48 (1940) (citations omitted); *see also United States v. Torres*, 142 F.3d 962, 966 (7th Cir. 1998) ("[S]tate statutes of limitations are inapplicable to actions filed by the federal government."). Defendants do not cite any authority to the contrary. Accordingly, Counts II and IV are not time-barred.

III. <u>Res Judicata</u>

Defendants argue the complaint is barred by *res judicata* because the state court already determined that the Distribution Judgment was equitable. But *res judicata* only applies if there is: (1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an

identity of parties or privies in the two suits. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Here, the government was not a party to or in privity with a party to the underlying divorce proceeding. Privity refers to those with a sufficiently close identity of interests. *In re Matter of L&S Indus., Inc.*, 989 F.2d 929, 932–33 (7th Cir. 1993). No party to the divorce proceeding had an interest similar to the government's interest here, that is, recovering its debts against Robert. Defendants' contention that the government and Robert shared the same interest in ensuring a "fair, reasonable, and equitable" division of property is thus unavailing. *See* R. 13 at 5. Accordingly, the complaint is not barred by *res judicata*.

## Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss. Defendants are to file an answer within 14 days of this order.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 4, 2023

6