# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 23 C 3328 |
| v. | Judge Thomas M. Durkin |
| ANGELICA LATTAS, D.L., J.L., AND A.L., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The United States brings federal and state law claims against Angelica Lattas and her minor children D.L., J.L., and A.L. seeking to void allegedly fraudulent transfers by Robert Lattas. The minor children ("Minor Defendants") move to dismiss Counts III and IV under Federal Rule of Civil Procedure 12(b)(6). R. 39. For the following reasons, that motion is denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic

1

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

In October 2015, Robert Lattas was convicted of mail and wire fraud in connection with a scheme to defraud mortgage lenders. R. 34 ¶¶ 8, 10. Several months later, he pled guilty to bank fraud. *Id.* ¶¶ 11–12. Restitution was mandatory for the convictions in both cases under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663, and Robert acknowledged in his plea agreement that he owed $13 million in restitution. *Id.* ¶¶ 10–12.

On May 16, 2016, after Robert's convictions and plea, Angelica filed a petition for dissolution of marriage in the Circuit Court of DuPage County. *Id.* ¶ 31. Angelica, through counsel, intended to shield assets from collection. *Id.* ¶ 36. In May 2017, following a "stipulated facts" trial, the court entered a judgment of dissolution of marriage ("Dissolution Judgment"), which was nearly identical to the proposed order submitted by Angelica's counsel and reviewed by Robert's counsel. *Id.* ¶¶ 38–39. Among other things, the Dissolution Judgment provided for a trust to be created for

Minor Defendants' benefit until they reached the age of 18 under Section 5/503(g) of the Illinois Dissolution of Marriage Act. *Id.* ¶ 42.

Robert thereafter transferred $705,909.04 to the trust. *Id.* ¶ 46. Between January 2018 and March 2024, Angelica requested, and the trustee (her brother) authorized, distributions from the trust account such that the balance of the trust is now $0. *Id.* ¶¶ 43, 50–53. Counts III and IV of the amended complaint allege Robert's transfer of property to the trust for the benefit of Minor Defendants is voidable under federal and state law. *See* 28 U.S.C. § 3304; 740 ILCS 160.

## Discussion

Minor Defendants contend that they are not proper parties to this lawsuit because the allegedly fraudulent transfer was made to the trust, not to them. But the plain language of the relevant federal and state laws provides otherwise. Under 28 U.S.C. § 3307(b)(1), the United States can recover a judgment for the value of the asset transferred from "the first transferee of the asset *or the person for whose benefit the transfer was made*." (emphasis added). And under Illinois law, a creditor can avoid a fraudulent transfer and recover judgment against the "first transferee of the asset *or the person for whose benefit the transfer was made.*" 740 ILCS 160/9 (emphasis added). Because, as alleged, Minor Defendants are beneficiaries of the trust, they are plausibly persons "for whose benefit the transfer was made" and thus proper parties to this suit.

The single case Minor Defendants cite is distinguishable and undercuts their argument. In *Boyer v. Belavilas*, 474 F.3d 375, 376–77 (7th Cir. 2007), a chapter 7 trustee alleged that insurance proceeds paid to a corporation jointly owned by the

debtor and his wife were fraudulently transferred into accounts for their two children under the Uniform Transfers to Minors Act ("UTMA"). Similar to the federal and state laws discussed above, the Bankruptcy Code allows recovery from "the initial transferee of [the avoided] transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a). The couple argued the children were not transferees because they did not control the accounts. *Boyer*, 474 F.3d at 377. The Seventh Circuit explained that even if the children were not "prototypical" transferees, they were— as beneficiaries of the accounts—persons "for whose benefit the transfer was made." *Id.* at 378. The real problem was that the bankruptcy court made the children jointly and severally liable alongside their mother, and the UTMA provides that minors are not personally liable for obligations arising from the ownership of custodial property unless they are at fault. *Id.* at 378–79. Because the children were not at fault, the Seventh Circuit limited the scope of the judgment against them to the custodial property. *Id.* at 379. The Court did not, however, hold they weren't proper parties to the litigation.

This case is not a bankruptcy proceeding, and it does not involve UTMA custodial accounts.[1] Even so, the logic of *Boyer* applies here. The fact that Minor Defendants were not the initial transferees is not dispositive. Rather, by alleging Minor Defendants are alleged beneficiaries of the trust, Plaintiff adequately pleads

---

[1] It bears noting that while Minor Defendants criticize Plaintiff for relying on cases that arose in the bankruptcy context, *Boyer* did too.

they are persons "for whose benefit the transfer was made" under the relevant statutes, and therefore properly named as parties to this suit.[2]

In reply, Minor Defendants claim that if they are proper parties, they need an appointed representative. But Minor Defendants are represented by counsel who filed this motion, and counsel has not indicated any intent to withdraw from that representation. The Court does not see any need to appoint an additional representative for the Minor Defendants at this stage, so this request is denied without prejudice.

Lastly, the parties agree that Minor Defendants' names should be removed from all prior pleadings and redacted versions should be filed with each of their initials. The Court agrees and grants the parties leave to correct the filings on the docket as proposed.

## Conclusion

For the foregoing reasons, the Court denies the motion to dismiss Counts III and IV. The request for the appointment of an additional representative for Minor Defendants is denied without prejudice. The parties are granted leave to remove Minor Defendants' names from the public record as agreed.

---

[2] In their opening brief, Minor Defendants make passing reference to Federal Rule of Civil Procedure 21 but offer no substantive argument as to its application in this case. *See* R. 39 at 1, 5. Similarly, Minor Defendants state, without any citation to authority, that "[i]n Illinois, minors . . . are unable to be identified as defendants in this type of civil lawsuit." *Id.* at 4. Because these arguments are "perfunctory and undeveloped" and "unsupported by pertinent authority," they are waived. *See Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016).

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: March 12, 2025